McKinney, J.,
delivered the opinion of the Court. .
The prisoner was convicted in the Criminal Court of Memphis, of the murder of a white man, named Gideon Bauden, and sentenced to be hung. From this- judgment an appeal in error was prosecuted to this Cpurt.
Of the several errors assigned, the only one thought necessary to be considered for the present, arises out of the action of the Court in regard to one of the jurors.
After the full number of twelve jurors had been regularly tried and elected, and were about to Be sworn, W. W. Ritchie, one of the number, refused, repeatedly, *459 to take the usual oath, on the ground, as was pretended, “ of conscientious scruples in regard to capital punishment.” And, thereupon, the other eleven jurors were sworn; and Ritchie was ordered' by the Court to be imprisoned one month, and was accordingly committed to jail forthwith.
There is some confusion and apparent contradiction in the statements, in the bill of exceptions, as to what followed, but from the whole record, the probable truth of the case is, that after ordering the juror, Ritchie, to jail, the Court further ordered that he be “ discharged as a juror,” and directed the sheriff to summon a panel of nineteen jurors by next morning. On the next mor.ning, before the return of said panel of jurors, and after fifteen hours’ imprisonment, the sheriff announced that Ritchie was then willing to be sworn as a juror. Upon this information Ritchie was brought into Court, and the Court directed that he be sworn as a juror in the case. The Attorney General thereupon challenged him for cause, but the Court overruled the challenge; to which exception was taken on behalf of the State. The Court again ordered him to be sworn as a juror, to which the prisoner then objected; but the objection was overruled, and said Ritchie was then sworn, and served as a juror on the trial of the prisoner.
This was an exercise of power on the part of the Court, which, in our opinion, cannot be sanctioned.
, That the Court possessed the discretionary power, before the jurors were sworn, to discharge one of the number upon his persistent refusal to take the oath, ■ admits, perhaps, of but little doubt. The question, however, is not whether the discharge of Ritchie was proper, *460 under the circumstances, or not. Be this as it may, we think it clear that, after having been actually discharged, the. Court had no power to recall him and force him upon the prisoner, or even upon the State. Without the consent of the prisoner, and likewise, as we incline to think, of the Attorney General, he could not have been reinstated as a competent juror in the case. The effect of the discharge of Ritchie necessarily was, so far as respects the power of the Court over him, to place him exactly in the sime situation as if he never had been elected as a juror in the case. In principle, the Court might as well have ordered a bystander, never put to the prisoner, to be sworn as a juror.
On this ground, without noticing other objections, the judgment must be reversed, and a new trial granted.